1  John K. Rubiner - State Bar No. 155208
       jkr@birdmarella.com
2  Michelle C. Tam - State Bar No. 248628
       mct@birdmarella.com
3
   BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
4  DROOKS & LINCENBERG, P.C.
   1875 Century Park East, 23rd Floor
5  Los Angeles, California 90067
   Telephone:  (310) 201-2100
6  Facsimile: (310) 201-2110
   Attorneys for Plaintiff
7  Jason A. Perlow

8

9

10              UNITED STATES DISTRICT COURT

11   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12  JASON A. PERLOW,                    Case No.

13              Plaintiff,        CV13-00749 MRW

14     v.                              COMPLAINT FOR
                                       DEFAMATION
15  PERRY MANN,
                                       **DEMAND FOR JURY TRIAL**
16              Defendant.

17        NOW COMES Plaintiff, Jason A. Perlow, by his attorneys, John K.

18  Rubiner and Michelle C. Tam of Bird, Marella, Boxer, Wolpert, Nessim, Drooks

19  & Lincenberg, P.C., and for his complaint for defamation against Defendant,

20  Perry Mann, over which this Court has jurisdiction pursuant to 28 U.S.C. §

21  1332(a), states as follows:

22              **NATURE OF ACTION AND RELIEF REQUESTED**

23        1.    Plaintiff, Jason A. Perlow ("Perlow") resides in Chicago, Illinois and

24  was engaged in a business venture with a number of other individuals, including

25  Defendant, Perry Mann ("Mann").  During the course of e-mail correspondence

26  exchanged amongst numerous other venture participants Mann sent an e-mail to

27  Perlow copying all other participants accusing Perlow of engaging in a criminal

28  act, specifically stating:

> **Perlow – I respect your loyalty to your pals SY but
> let's all remember you where the schmuck that got
> caught doing blow in the elevator at the Palms and
> consequently got banded from all the N9NE Venus.
> Your creditability is weak my friend so take a back
> seat where you belong….**

2.     Mann's statement imputed to Perlow the commission of a crime constituting libel *per se* under California and/or Illinois law rendering Mann liable to Perlow for general compensatory damages in an amount of at least $100,000.

3.     Upon information and belief, Mann acted with malice when he intentionally published the false and defamatory statements about Perlow cited herein.

4.     Therefore, Perlow is also entitled to punitive damages of at least $1,000,000.

## THE PARTIES

5.     Perlow is, and at all relevant times was, an individual and a citizen of Illinois residing in Chicago, Cook County, Illinois.

6.     Mann is, and at all relevant times was, an individual and a citizen of California residing in Manhattan Beach, Los Angeles County, California.

## JURISDICTION AND VENUE

7.     Jurisdiction is appropriate in this matter pursuant to 28 U.S.C. § 1332 (a) as complete diversity of citizenship exists between Perlow and Mann, and because the amount in controversy exceeds $75,000, exclusive of costs, interest, and legal expenses.

8.     Mann is subject to the jurisdiction of this Court in accordance with Cal. Code Civ. Proc. § 410.10 because Mann is a resident of the district in which this Court is located.

2

9.     Venue is proper in this Court in accordance with 28 U.S.C. § 1391 (b)(1) because Mann is a resident of the district in which this Court is located.

## FIRST CAUSE OF ACTION

### (Defamation Against Mann)

10.     Perlow hereby incorporates by reference Paragraphs 1 through 9 of this Complaint as if fully realleged herein.

### Nature of the Venture

11.     Perlow, Mann, and other investors from around the country were involved in a venture known as "NM Ventures" (the "Venture").

12.     To participate in the Venture, the members had to meet certain knowledge and financial standards and had to have a solid reputation within their communities.

13.     Communications among those in the Venture frequently occurred through e-mail.

### Mann's Libelous Statements About and To Perlow

14.     On August 8, 2012, Perlow, Mann, and other Venture members conversed amongst each other through e-mail concerning various business transactions relating to the Venture.

15.     On August 8, 2012 at 10:47 a.m., during the course of the e-mail communications noted above, Mann sent an e-mail to Perlow copying all other Venture members.  The text of the e-mail is also excerpted below (the portions of the e-mail chain cited herein are also attached and incorporated by reference herein as **Exhibit A**):

> **Perlow – I respect your loyalty to your pals SY but let's all remember you where the schmuck that got caught doing blow in the elevator at the Palms and consequently got banded from all the N9NE Venus.**

3

1      **Your creditability is weak my friend so take a back**

2      **seat where you belong….**

3      Perry  Mann

4      Tradecor, LLC

5      480-229-4411

6      **Perry.Mann@Tradecorllc.com**

7      **www.tradecorllc.com**

8      16.     Upon information and belief, Mann used the expression "doing

9    blow" to mean to possess and use cocaine.

10      17.     Such possession and use of cocaine is against state and federal law.

11      18.     Upon information and belief, Mann used the expression "the elevator

12   at the Palms" to refer to the elevator in the Palms Hotel and Casino in Las Vegas,

13   Nevada.

14      19.     Upon   information   and   belief,   Mann   used   the   expression

15   "consequently got banded [sic] from all of the N9NE Venus [sic]" to mean that

16   Perlow had been banned from all of the restaurants and clubs owned by the N9NE

17   Group.

18      20.     On August 8, 2012 at 11:52 a.m., during the course of the e-mail

19   communications noted above, Mann sent another e-mail to Perlow copying all

20   other Venture members.   The text of the e-mail is excerpted below (*see* Exhibit

21   A):

22      **You   were   banned   from   the   N9NE   venues   by   the**

23      **mangers [sic], that's a fact my friend.**

24      Perry Mann

25      21.     Upon information and belief, Mann used the word "managers" to

26   mean the managers of seven venues operated by the  Venture groups.

27

28

4

2921716.2

### Mann's Libelous Statements Were False

22.    The libelous statements were false in that Perlow never used cocaine, let alone in an elevator at the Palms Hotel and Casino.

23.    The libelous statements were false in that Perlow was never banned from any N9NE facilities or venues.

24.    The falsity of Mann's libelous statements is established by an August 15, 2012 letter from George Maloof, the managing member of the entities that own the Palms Casino Resort and the NM Ventures venues.   That letter, attached and incorporated herein as **Exhibit B**, states in pertinent part:

> "I write in response to your request that I investigate an accusation that you took illegal substances in an elevator at the Palms Casino Resort and, as a result, was banned from the hotel and/or NM Ventures venues. The accusation was recently made by Perry Mann and I've found his claim to be totally false.
>
> According to Perry Mann, he claims that you were banned from the Palms Casino Resort and /or the NM Ventures venues for doing cocaine in a Palms elevator. I am personally unaware of any such activity or instance. In order for someone to be restricted from the hotel, I would have to have been notified and I have received no such notification. Further, I have had the Palms security as well as the 9 Group/NM Ventures security review all incident reports dating back to the opening of the Palms and found nothing in regard to either you or Perry Mann's claims. It would be protocol in a circumstance like that which has been alleged for an incident report to be completed. I hope this resolves your inquiry."

5

25. On or about August 9, 2012, counsel for Perlow sent a letter to Mann demanding a retraction of Mann's libelous comments. A copy of that August 9, 2012 letter is attached and incorporated herein as **Exhibit C**.

26. Mann never provided a response to the August 9, 2012 letter to Perlow or his counsel.

### Perlow's Injuries and Damages

27. Under California and/or Illinois law, Perlow's injury to his reputation and damages resulting from Mann's publication of the libelous statements are presumed, but are in no event less than $100,000.

28. Upon information and belief, Mann published the libelous statements knowing them to be false and with actual malice.

29. Based upon Mann's malicious publication of the false statements, Perlow is entitled to punitive damages in an amount of no less than $1,000,000.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

2921716.2

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jason A. Perlow, prays that judgment be entered in his favor and against Defendant, Perry Mann, as follows:

      A.    For an award to Perlow in the amount of no less than $100,000 in general compensatory damages;

      B.    For an award to Perlow in the amount of $1,000,000 in punitive damages; and

      C.    For such other and further relief as this Court deems proper.

DATED: February 4, 2013

                John K. Rubiner
                Michelle C. Tam
                BIRD, MARELLA, BOXER, WOLPERT,
                    NESSIM, DROOKS & LINCENBERG, P.C.

                By: _____
                       John K. Rubiner
                Attorneys for Jason A. Perlow

1

## **DEMAND FOR JURY TRIAL**

2        Pursuant to Federal Rule of Civil Procedure 38 and Local Civil Rule 38,

3   Plaintiff Jason A. Perlow hereby requests a trial by jury.

4

5   DATED:  February 4, 2013          John K. Rubiner
                                       Michelle C. Tam
6                                      BIRD, MARELLA, BOXER, WOLPERT,
                                           NESSIM, DROOKS & LINCENBERG, P.C.
7

8

9                                 By: _____
10                                              John K. Rubiner
                                        Attorneys for Jason A. Perlow
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**Chapman, Richard H.**

| | |
|---|---|
| **From:** | Jason Perlow <Japjson@aol.com> |
| **Sent:** | Wednesday, August 08, 2012 6:03 PM |
| **To:** | Chapman, Richard H. |
| **Subject:** | Fwd: Interest Purchase Agreement |

Sent from my iPhone
JSON™

Begin forwarded message:

> **From:** "Perry Mann" <Perry.Mann@tradecorllc.com>
> **Date:** August 8, 2012 10:47:07 AM CDT
> **To:** "'Jason Perlow'" <Japison@aol.com>, "'David Blumenfeld'" <DBlumenfeld@BDG.NET>
> **Cc:** <bob@chaseart.com>, <Numbr20@aol.com>, <sbarket@centrumproperties.com>,
> <larry@silveryoung.com>, <AJYAJY1@gmail.com>, <bhandwerker@earthlink.net>,
> <brian@utke5.com>, <tigeroso@aol.com>, <dzoller1@gmail.com>, "'David J.Kaplan'"
> <DKaplan@BDG.net>, <david@312defense.com>, <d3morton@gmail.com>,
> <dennisr@champbilliards.com>, <glojean55@aol.com>, <JGeier@555.com>, "'James H.
> Deciutiis'" <JDeciutiis@BDG.NET>, <jesperp@mac.com>, <jt3.moran@moranlawfirm.com>,
> <Johnt@sandjenterprises.com>, <tmees@sandjenterprises.com>, <jkatlin@maurice.net>,
> <1kenpearl@gmail.com>, <michael@maurice.net>, <bj1@grouplind.com>,
> <billcastel@aol.com>, <batty2020@aol.com>, <bdwerner11@comcast.net>,
> <budmoon@earthlink.net>, <zim30@hotmail.com>, <cnatarelli@brookweiner.com>,
> <danrlee12@gmail.com>
> **Subject: RE: Interest Purchase Agreement**
>
> **Perlow – I respect your loyalty to your pals SY but let's all remember you where
> the schmuck that got caught doing blow in the elevator at the Palms and
> consequently got banded from all the N9NE Venus. Your creditability is weak my
> friend so take a back seat where you belong….**
>
>
> Perry  Mann
>
> Tradecor, LLC
>
> 480-229-4411
>
> Perry.Mann@Tradecorllc.com
>
> www.tradecorllc.com

1

**Chapman, Richard H.**

| | |
|---|---|
| **From:** | Jason Perlow <Japjson@aol.com> |
| **Sent:** | Wednesday, August 08, 2012 6:04 PM |
| **To:** | Chapman, Richard H. |
| **Subject:** | Fwd: Interest Purchase Agreement |

Sent from my iPhone
JSON™

Begin forwarded message:

**From:** "Perry Mann" <Perry.Mann@tradecorllc.com>
**Date:** August 8, 2012 11:52:22 AM CDT
**To:** "Jason Perlow" <Japjson@aol.com>
**Cc:** "'David Blumenfeld'" <DBlumenfeld@BDG.NET>, <bob@chaseart.com>,
<Numbr20@aol.com>, <sbarket@centrumproperties.com>, <larry@silveryoung.com>,
<AJYAJY1@gmail.com>, <bhandwerker@earthlink.net>, <brian@utke5.com>,
<tigeroso@aol.com>, <dzoller1@gmail.com>, "'David J.Kaplan'" <DKaplan@BDG.net>,
<david@312defense.com>, <d3morton@gmail.com>, <dennisr@champbilliards.com>,
<glojean55@aol.com>, <JGeier@555.com>, "'James H. Deciutiis'" <JDeciutiis@BDG.NET>,
<jesperp@mac.com>, <jt3.moran@moranlawfirm.com>, <Johnt@sandjenterprises.com>,
<tmees@sandjenterprises.com>, <jkatlin@maurice.net>, <1kenpearl@gmail.com>,
<michael@maurice.net>, <bj1@grouplind.com>, <billcastel@aol.com>, <batty2020@aol.com>,
<bdwerner11@comcast.net>, <budmoon@earthlink.net>, <zim30@hotmail.com>,
<cnatarelli@brookweiner.com>, <danrlee12@gmail.com>
**Subject: RE: Interest Purchase Agreement**

**You were banned from the N9NE venues by the mangers, that's a fact my
friend.**

Perry  Mann

---

**From:** Jason Perlow [mailto:Japjson@aol.com]
**Sent:** Wednesday, August 08, 2012 9:41 AM
**To:** Perry Mann
**Cc:** David Blumenfeld; <bob@chaseart.com>; <Numbr20@aol.com>;
<sbarket@centrumproperties.com>; <larry@silveryoung.com>; <AJYAJY1@gmail.com>;
<bhandwerker@earthlink.net>; <brian@utke5.com>; <tigeroso@aol.com>; <dzoller1@gmail.com>;
David J.Kaplan; <david@312defense.com>; <d3morton@gmail.com>; <dennisr@champbilliards.com>;
<glojean55@aol.com>; <JGeier@555.com>; James H. Deciutiis; <jesperp@mac.com>;
<jt3.moran@moranlawfirm.com>; <Johnt@sandjenterprises.com>; <tmees@sandjenterprises.com>;
<jkatlin@maurice.net>; <1kenpearl@gmail.com>; <michael@maurice.net>; <bj1@grouplind.com>;

# EXHIBIT  B

  

August 15, 2012

Mr. Jason Perlow
460 W. Superior Street, Suite #5
Chicago, IL 60654

Dear Jason,

I write in response to your request that I investigate an accusation that you took illegal substances in an elevator at the Palms Casino Resort and, as a result, was banned from the hotel and/or NM Ventures venues. The accusation was recently made by Perry Mann and I've found his claim to be totally false.

According to Perry Mann, he claims that you were banned from the Palms Casino Resort and /or the NM Ventures venues for doing cocaine in a Palms elevator. I am personally unaware of any such activity or instance. In order for someone to be restricted from the hotel, I would have to have been notified and I have received no such notification. Further, I have had the Palms security as well as the 9 Group/NM Ventures security review all incident reports dating back to the opening of the Palms and found nothing in regard to either you or Perry Mann's claims. It would be protocol in a circumstance like that which has been alleged for an incident report to be completed. I hope this resolves your inquiry

If I can be of any further assistance, please feel free to contact me directly at 702-942-7011.

Sincerely,

George Maloof
Managing Member

# EXHIBIT C

# CLARK HILL

Clark Hill PLC
150 North Michigan Avenue
Suite 2700
Chicago, Illinois 60601
T 312.985.5900
F 312.985.5999

Richard H. Chapman
T 312.985.5904
F 312.985.5968
Email: rchapman@clarkhill.com

clarkhill.com

August 9, 2012

Mr. Perry Mann
Trade Cor LLC
4455 E. Camelback Rd.
Ste. E-180
Phoenix, AZ 85018
Perry.Mann@tradecorllc.com

Re:  Jason A. Perlow -- Defamation Action

Dear Mr. Mann:

This firm represents Jason A. Perlow in connection with statements that you have transmitted by e-mail to a number of individuals, including individuals residing in the State of Illinois.

I have had an opportunity to review a number of different e-mail chains containing comments that you made.. However, in your August 8, 2012 10:47 a.m. e-mail you stated:

> Perlow – I respect your loyalty to your pals SY but let's all remember you where [sic] the schmuck that got caught doing blow in the elevator at the Palms and consequently got banded [sic] from all the N9NE Venus [sic]. Your creditability [sic] is weak my friend so take a back seat where you belong...

Subsequently, in your August 8, 2012 11:33 a.m. e-mail you stated:

> Not worried the records are all there, punk...

Finally, in your August 8, 2012 11:52:22 e-mail you asserted:

> You were banned from the N9NE venues by the mangers [sic], that's a fact my friend.

In Illinois, to falsely accuse one of committing a criminal act constitutes defamation *per se*. The significance of defaming an individual on a *per se* basis is that the maligned individual need not prove that he suffered any special damages. Rather, a court and/or jury may award that

Mr. Perry Mann
August 9, 2012
Page 2

individual general damages as well as punitive damages.  If you have any questions about the nature of Illinois law at this point, please let me know and I will be happy to provide you with the Illinois court decisions which establish this law.

In addition to the implication of the commission of a criminal defense, Illinois law recognizes that statements that prejudices a party's profession or trade are also defamatory *per se*.  Claiming that Jason was "doing blow in the elevator" and consequently got "banded" from all the "N9NE Venus" basically indicates to Jason's business partners that he cannot perform his duties within those businesses.  Your subsequent e-mails noted above show your intention to reinforce your initial defamatory statement.

At this point, I request that you forward to me any specific facts or documentation that support your otherwise defamatory statement, including those to which you alluded when you stated "[N]ot worried the records are all there, punk…"   Also, I request that you provide me with the names and addresses of any persons who provided the information which you republished.  Finally, assuming that you have no evidence to support these defamatory statements, I am requesting that you provide all of those who received your e-mail with a retraction indicating that the statements you made were false and that you disavow them.

I am sure that Jason does not have any argument with the fact that business partners may engage in spirited debate about the success or failure of their investments and business ventures.  This letter is not aimed at such spirited debate.  Regrettably, the comment that you made crosses well over the line of what is both appropriate and proper.

Seeing your e-mails, I am quite sure that you will forward to me a vociferous response filled with invective or you will threaten me with some claim that Jason has done something else or that you will call your lawyer on me.  I am quite confident that Jason has done nothing wrong and, if you would like your lawyer to become involved, please give me his or her name and telephone number so that I may contact him or directly.  Otherwise, I am looking forward to your cooperation with providing me with the response to my requests on or before 5:00 p.m. central time on Friday, August 10, 2012.

Very truly yours,

CLARK HILL PLC

Richard H. Chapman

RHC:plp

CLARK HILL
8362565.1 28031/133557

Name & Address:  John K. Rubiner
Bird, Marella, Boxer, Wolpert, Nessim, Drooks &
Lincenberg, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
Telephone:  (310) 201-2100  Fax: (310) 201-2110

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jason A. Perlow<br><br>PLAINTIFF(S)<br><br>v.<br><br>Perry Mann<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-00749 MRW<br><br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within  __21__  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  _John K. Rubiner_____, whose address is _Bird Marella et al., 1875 Century Park East, 23rd Floor, Los Angeles, California, 90067_ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

FEB - 4 2013

Dated: _____

Clerk, U.S. District Court

JULIE PRADO

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Jason A. Perlow | Perry Mann |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| John K. Rubiner    Telephone: (310) 201-2100<br>Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, P.C.<br>1875 Century Park East, 23rd Floor, Los Angeles, California 90067 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** 1,100,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Defamation - liber per se

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☒ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**CV13-00749**

FOR OFFICE USE ONLY:     Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                     ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                     ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                     ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
     ☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Jason A. Perlow - Cook County, Illinois |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
     ☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Perry Mann - Los Angeles County, California |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defamation - Los Angeles County, California | Defamation - Cook County, Illinois (amongst others) |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date February 4, 2013

    **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |