O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON A. PERLOW,<br><br>　　　　　Plaintiff,<br>　　v.<br>PERRY MANN; MICHAEL MORTON,<br><br>　　　　　Defendants. | Case No. 2:13-cv-00749-ODW(SHx)<br><br>**ORDER DENYING EX PARTE APPLICATION TO CONTINUE HEARING DATE ON MOTION TO DISMISS [40]** |

On September 26, 2013, Plaintiff Jason A. Perlow filed an Ex Parte Application to continue the hearing date on Defendant Michael Morton's Motion to Dismiss. (ECF No. 40.) Perlow requests that the Court continue the hearing date from October 21, 2013, to December 23, 2013, and allow him to conduct jurisdictional discovery regarding whether Defendant Michael Morton is subject to personal jurisdiction in California. Perlow indicates that he will propound both written discovery and depose Morton, Morton's wife, Defendant Perry Mann, and Mann's "acquaintance." Specifically, Perlow endeavors to discover how much time Morton spends in his Manhattan Beach, California, beach house and whether he knew that Mann was residing in California. Perlow alleges that Morton's knowledge of Mann's residency will illuminate whether Morton purposefully directed his alleged defamation at California.

///

The question of whether to permit jurisdiction-related discovery is reposed within the sound discretion of the district court. *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001). A plaintiff must demonstrate a "colorable basis" to believe that a defendant is subject to personal jurisdiction in the forum state. *Chapman v. Krutonog*, 256 F.R.D. 645, 649 (D. Haw. 2009). To extend a filing date, a party must establish good cause for the change. Fed. R. Civ. P. 6(b)(1).

Morton already submitted a declaration in support of his Motion to Dismiss in which he attests that he has not conducted any business in California since the spring of 2005 and only occasionally stays at his Manhattan Beach vacation house. (Morton Decl. ¶¶ 3, 6.) He also states that he believed that Mann was a legal resident of Arizona, which is where Mann's business is located. (*Id.* ¶ 7.)

The Court is mindful that Perlow is limited in responding to Morton's dismissal motion. But the Court is not persuaded that any limited discovery Perlow could conduct regarding Morton's use of his vacation house and Morton's knowledge of Mann's legal residence would alter the personal-jurisdiction inquiry.

Perlow avers that "Morton's knowledge of Mann's California residency at the time Morton first [allegedly] published the defamatory statements about Perlow to Mann is probative on the issue of whether Morton directed his [alleged] tortious activities to residents of California and the forum of California, in general." (Ex Parte Appl. 7.) Perlow cites to *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984), to support his contention. But *Keeton* involved *Hustler* "continuously and deliberately exploit[ing]" the New Hampshire market. *Id.* at 781. Even if Morton published the allegedly defamatory facts to Mann as Perlow alleges, that one conversation would pale in comparison to targeting a state's residents with a widely circulated magazine.

Perlow further posits that Morton's California contacts "*may* depend on how much time Morton spends at his vacation home in Manhattan Beach." (Ex Parte Appl. 7 (emphasis added).) He also hypothesizes that "[o]ther facts relating to those contacts *may also be found* during the discovery process." (*Id.* at 8 (emphasis

added).)  It appears that Perlow endeavors to engage in fishing-expedition-style discovery on Morton's California contacts—something that the Court is unwilling to permit.  The Court also doubts that Perlow would be able to demonstrate that Morton is "essentially at home" in California based on his Manhattan Beach contacts.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

One must also remember that Perlow chose to file suit against Mann and Morton in California.  Personal jurisdiction is one of the most fundamental aspects of due process; indeed, Perlow's Ex Parte Application makes clear that he understands that concept well.  Perlow's prefiling due diligence should have consisted of at least a reasonable inquiry into Morton's California contacts.  *See* Fed. R. Civ. P. 11(b).

The Court therefore finds that Perlow has not demonstrated good cause for continuing the dismissal-order hearing date or that personal-jurisdiction-related discovery would bear any relevant fruit.  The Court accordingly **DENIES** Perlow's Ex Parte Application.  (ECF No. 40.)

**IT IS SO ORDERED.**

September 26, 2013

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**